IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
JAMES VAUGHAN, III,                : CASE NO.  1:10 CV 0609
                                                             :
                              Plaintiff,    :
                                                             :
            -vs-                                    : <u>ORDER ADOPTING THE</u>
                                                             : <u>CONCLUSIONS OF THE REPORT AND</u>
                                                             : <u>RECOMMENDATION AND GRANTING</u>
CITY OF SHAKER HEIGHTS, et al.,  : <u>IN PART AND DENYING IN PART</u>
                                                             : <u>DEFENDANTS' MOTIONS TO DISMISS</u>
                              Defendants.  :
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    This matter was referred to United States Magistrate Judge Gregory White for a Report and Recommendation ("R&R") pursuant to Local Civil Rule 72.2(b)(2).  In this action for wrongful prosecution under 42 U.S.C. § 1983, Magistrate Judge White specifically recommends allowing James Vaughan's suit to proceed on his allegations that Detective Douglas K. Hyams violated the Plaintiff's civil rights pursuant to § 1983 as to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution (Count One), maliciously prosecuted the Plaintiff under Ohio state law (Count Three), and intentionally inflicted emotional distress upon the Plaintiff (Count Four).  Magistrate Judge White also recommends Mr. Vaughan be allowed to proceed on his state law allegation that the City of Shaker Heights indemnifies the harm that

emerged from Detective Hyams' alleged actions (Count Five, misnumbered in the Amended Complaint as Count Six).

In his R&R, Magistrate Judge White recommends granting the Defendants' motions to dismiss on all counts of the Amended Complaint as to Cuyahoga County Prosecutor William T. Mason, the Cuyahoga County Commissioners, and Corporal Jody Srsen.  Magistrate Judge White also recommends dismissing Count Two with regard to Detective Hyams and Counts One, Two, Three, and Four against the City of Shaker Heights.  The R&R finally recommends denying Detective Hyams' motion to dismiss as to Counts One, Three and Four, and denying the City of Shaker Heights' motion to dismiss as to Count Five.  (Doc. 27).  Defendants Hyams and the City of Shaker Heights responded in opposition to the R&R (Doc. 28) and Mr. Vaughan submitted a reply (Doc. 30).

As set forth below, the Court will adopt Magistrate Judge White's R&R pursuant to this Court's legal analysis

As an initial matter, however, the Court notes that no party has objected to the recommendation granting dismissal of entire parties and dismissal of allegations against still viable parties to the suit.  Therefore, this Court will presume the parties are satisfied with the recommendation dismissing in their entirety Defendants William T. Mason, Cuyahoga County Commissioners, and Corporal Jody Srsen, and dismissing Count Two against Detective Hyams , and Counts One, Two, Three, and Four against the City of Shaker Heights.  Any further review by this Court would be a duplicative and inefficient use of the Court's limited resources. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of Health and Human Services, 932 F.2d 505 (6th Cir. 1991);

United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

**Allegation that Hyams withheld exculpatory information (Count I)**

In a thorough analysis of the treatment of absolute immunity, the R&R noted pursuant to the decision in Gregory v. City of Louisville, 444 F.3d 725, 742 (6th Cir. 2006), that the Sixth Circuit has consistently ruled that absolute immunity does not shield pretrial, nontestimonial acts such as withholding of evidence. (Doc. 27, p. 26). In denying Detective Hyams' motion to dismiss the § 1983 claim for withholding evidence (Count One), the R&R found in the Amended Complaint credible, material allegations of nontestimonial acts by Detective Hyams.[1] Relying upon the recent decision in Rodriguez v. City of Cleveland, 2011 WL 3792371 (6th Cir. 26 August 2011), Detective Hyams opposes the Magistrate Judge's recommendation, contending that his testimony before the grand jury, and any evidence allegedly withheld in that testimony, is afforded absolute immunity.

The Rodriguez decision, however, merely serves to reinforce the Sixth Circuit's long-held position that an officer's testimonial acts are afforded absolute immunity from civil liability. Rodriguez, at *16. (Doc. 28, p. 6). Rodriguez does not alter this Court's review of the Amended Complaint's recitation of Detective Hyams' non-testimonial actions because the facts in Rodriguez did not compel the Sixth Circuit to address the question posed in the instant case, namely, whether a Defendant's alleged non-

---

[1] This Court rests its adoption of the Magistrate Judge's denial of Detective Hyams' motion to dismiss Mr. Vaughan's § 1983 claim only upon the R&R's analysis of the sufficient allegations of the Defendant's nontestimonial conduct.

3

testimonial acts are afforded absolute immunity.

After *de novo* consideration of the record and the extant law, this Court agrees with Magistrate Judge White's recommendation denying Detective Hyams' motion to dismiss Mr. Vaughan's § 1983 allegation because the Amended Complaint avers the Detective failed to disclose apparent and material exculpatory evidence. (Doc. 27, pp. 23-29). The Amended Complaint's allegations of pretrial, non-testimonial acts by Detective Hyams create a possible § 1983 liability that is not defeated by the further allegation that the Defendant withheld evidence during his grand jury and trial testimony. As the Sixth Circuit has consistently observed, failure to reveal exculpatory evidence in a testimonial setting cannot act as a shield, providing the defendant with the protection of absolute immunity for non-testimonial pretrial conduct. Moldowan v. City of Warren, 578 F.3d 351 (6th Cir. 2009). In this instance, and without the need to recite the well-told factual history of this matter (see R&R, Doc. 27, pp. 1-6), the Amended Complaint clearly delineates factual allegations of non-testimonial pretrial conduct by Detective Hyams sufficient to survive Defendant's motion to dismiss the § 1983 claim against the Defendant. (Amended Complaint, ¶¶ 22-29, 35, 37-39, 56-59).

**State Law Claim against Detective Hyams of Malicious Prosecution and Intentional Infliction of Emotional Distress (Count III).**

In his Amended Complaint Mr. Vaughan maintains that Detective Hyams is liable under Ohio state law for malicious prosecution for allegedly withholding exculpatory evidence. Magistrate Judge White recommends denying Detective Hyams' motion to dismiss the malicious prosecution claim. In opposition, Detective Hyams contends that

4

his grand jury testimony was absolutely immune and that he had no obligation to reveal exculpatory information to the Plaintiff.

Where a police officer gives "the prosecutor a full and fair disclosure of all the material facts as revealed by [his or her] investigation, including [the accused's] exculpatory statements," he or she "will not be held liable for the instigation of criminal proceedings." Radvansky v. City of Olmsted Falls, 395 F.3d 291, 316–17 (6th Cir. 2005). In general, "a police officer may not be held liable for malicious prosecution when he [or she] did not make the decision to prosecute." McKinley v. City of Mansfield, 404 F.3d 418, 444 (6th Cir. 2005). This holds true "as long as the information he [or she] submitted to the prosecutor is truthful." Kinkus v. Village of Yorkville, 289 Fed. Appx. 86, 91 (citing Skousen v. Brighton High Sch., 305 F.3d 520, 529 (6th Cir. 2002)). In the end, a police officer's liability for malicious prosecution "turns on what information [the] prosecutor ... had prior to deciding upon a charge." Radvansky, 395 F.3d at 317.

The state of Ohio recognizes the tort of criminal prosecution. "Ohio law, like the English common law before it, has long recognized a right to recover in tort for the misuse of civil and criminal actions as a means of causing harm. Our jurisprudence has developed two lines of cases, one involving claims of malicious prosecution founded on criminal proceedings, and the other involving claims of malicious prosecution founded on civil proceedings." Trussell v. General Motors Corp. 53 Ohio St.3d 142, 144, 559 N.E.2d 732 (Ohio 1990). "The tort of malicious criminal prosecution compensates the plaintiff for the damage to dignity and reputation caused by false accusation of a crime. The damage occurs whether the plaintiff is arrested or . . . haled into court on a summons. Unlike the victim of malicious civil prosecution, the victim of false criminal

5

charges does not have the remedies provided by Civ. R. 11." Id. at 145-146, 559 N.E.2d 732.

The alleged facts of the present case adhere much more closely to the essential elements of a claim for malicious criminal prosecution, which consists of: "(1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the defendant." Rogers v. Barbera, 170 Ohio St. 241, 164 N.E.2d 162 (Ohio 1960), at paragraph one of the syllabus.

With respect to the element of malice, "[t]he requirement of malice turns directly on the defendant's state of mind. Malice is the state of mind under which a person intentionally does a wrongful act without a reasonable lawful excuse and with the intent to inflict injury or under circumstances from which the law will infer an evil intent. . . . For purposes of malicious prosecution it means an improper purpose, or any purpose other than the legitimate interest of bringing an offender to justice." Criss v. Springfield Twp. (1990), 56 Ohio St.3d 82, 84-85, 564 N.E.2d 440, rehearing denied (1991), 57 Ohio St.3d 611, 566 N.E.2d 1232.

The determination of whether a criminal prosecution was undertaken in the absence of probable cause entails an inquiry into the facts or circumstances actually known to or which were reasonably within the contemplation of the defendant at the time of the instigation of criminal proceedings. McFinley v. Bethesda Oak Hosp. (1992), 79 Ohio App.3d 613. There is no requirement that there be enough evidence to ensure a conviction. Deoma v. Shaker Heights (1990), 68 Ohio App.3d 72, 77. The defendant's conduct should be measured in light of the facts and circumstances the defendant knew or reasonably should have known at the time of the filing of the criminal

6

complaint. Portis v. TransOhio Savings Bank (1988), 46 Ohio App.3d 69, 70.

In his Amended Complaint, Mr. Vaughan alleges that the "indictment was obtained through the reckless, willful and deliberate ignorance of exculpatory information, with incomplete information, manufactured information, information that was not true and without sufficient probable cause to support the charge of rape." (Compl., ¶ 39). Under his Third Claim for Relief alleging malicious prosecution, Mr. Vaughan sets forth the elements of a state law malicious criminal prosecution claim. (Compl. ¶¶ 76-79). In addition, taking the well-pled factual allegations as true and construing all reasonable inferences in Mr. Vaughan's favor, the Amended Complaint alleges malicious conduct by Detective Hyams sufficient to remove him from the ambit of any immunity entitled under O.R.C. § 2744.03(A)(6)(b). (Compl. ¶¶ 30, 31, 39, 76, 79).

Accordingly, the Court will adopt the recommendation of the R&R, and incorporating the above analysis, will deny Detective Hyams' motion to dismiss Mr. Vaughan's claim of malicious prosecution.

**State Law Claim against Detective Hyams of Intentional Infliction of Emotional Distress (Count IV).**

A state law claim for intentional infliction of emotional distress (IIED) requires proof of all of the following elements: (1) that the defendant either intended to cause emotional distress or knew or should have known that the actions taken would result in serious emotional distress; (2) that the defendant's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it would

7

be considered utterly intolerable in a civilized community; (3) that the defendant's actions were the proximate cause of plaintiff's psychic injury; and (4) that the mental distress suffered by plaintiff is serious and of such a nature that no reasonable person could be expected to endure it. See Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 6 Ohio St.3d 369, 453 N.E.2d 666 (Ohio 1983). A trial court may dismiss a claim for IIED, pursuant to Rule 12(b)(6), where the alleged conduct does not, as a matter of law, reach such a level of "extreme and outrageous" conduct. Morrow v. Reminger & Reminger Co., L.P.A., 183 Ohio App.3d 40, 62–63, 915 N.E.2d 696 (Ohio App. Ct. 2009).

Upon a review of the record, this Court concludes that Mr. Vaughan has pled factual allegations sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The facts pled in support of Mr. Vaughan's allegation of outrageous and extreme conduct involve Detective Hyams' role in the Plaintiff's prosecution which led to his conviction of rape, in violation of O.R.C. § 2907.02A(1), a mandatory sentence of life in prison without parole, and his incarceration from 28 March 2008 until he was released on bond on 17 March 2009, pending a new trial. (Compl. ¶¶ 36-50). The facts pled in Mr. Vaughan's Amended Complaint are sufficient, if proven, to rise to the level of intentional infliction of emotional distress.

Accordingly, the Court will adopt the recommendation of Magistrate Judge White to deny Detective Hyams' motion to dismiss Count IV of the Amended Complaint alleging intentional infliction of emotional distress.

8

**Indemnification Claim against the City of Shaker Heights (Count V).**

In his Amended Complaint Mr. Vaughan seeks to hold the City of Shaker Heights liable for any compensatory damages resulting from Detective Hyams' actions committed within the scope of his employment.  (Compl. ¶¶ 89, 90).  The R&R recommends denying the City of Shaker Heights' motion to dismiss in this instance as O.R.C. § 2744.05 contemplates municipal liability for compensatory damage done by employees' conduct carried out in the scope of employment.  Defendants object to the Plaintiff's indemnification claim, contending that only a municipal employee may seek indemnification against a municipality pursuant to O.R.C. 2744.07(A)(1).  (Doc. 28, pp. 16-18).

However, O.R.C. 2744.07(A)(1) provides an entirely separate and distinct obligation with which political subdivisions must comply, namely to provide for the defense of an employee.  On the other hand, O.R.C. 2744.07(A)(2) requires a political subdivision to indemnify and hold harmless an employee, providing in pertinent part:

> (2) Except as otherwise provided in this division, a political subdivision shall indemnify and hold harmless an employee in the amount of any judgment, other than a judgment for punitive or exemplary damages, that is obtained against the employee in a state or federal court or as a result of a law of a foreign jurisdiction and that is for damages for injury, death, or loss to person or property caused by an act or omission in connection with a governmental or proprietary function, if at the time of the act or omission the employee was acting in good faith and within the scope of employment or official responsibilities.

Accordingly, O.R.C. 2744.07(A)(2) requires a political subdivision to indemnify its employee if the employee is liable for a good faith act related to a governmental or proprietary function.  Requiring the subdivision to indemnify its employee is different from imposing direct liability on the subdivision.  The clear statutory terms require the

9

City of Shaker Heights to indemnify Detective Hyams' conduct for compensatory damages if that conduct was carried out in good faith within the scope of his employment.

Upon a review of the record, the Court will adopt the recommendation of Magistrate Judge White to deny the Defendants' motion to dismiss Count V of the Amended Complaint seeking indemnification by the City of Shaker Heights.

### Conclusion

Accordingly, the Magistrate Judge's R&R is adopted pursuant to the herein legal analysis.  This case shall proceed only on Mr. Vaughan's allegations against Detective Hyams as to Counts One, Three, and Four, and against the City of Shaker Heights as to Count Five for indemnification.

IT IS SO ORDERED.

    /s/Lesley Wells  
UNITED STATES DISTRICT JUDGE

Date: 28 November 2011