**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JAMES VAUGHAN, III, ) | |
| ) | CASE NO. 1:10 CV 609 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE LESLEY WELLS |
| ) | |
| ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| CITY OF SHAKER HEIGHTS, *et al.*, ) | |
| ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| Defendants. ) | |

This matter is before the Court upon Plaintiff James Vaughan's "Notice of a Discovery Dispute and Certification that Good Faith Efforts Could Not Resolve It." (Doc. No. 75.) For the following reasons, the Court finds that the depositions at issue may lead to the discovery of admissible evidence and, therefore, Plaintiff's request to limit and/or prohibit such depositions is denied.

**I.     Factual and Procedural Background**

Plaintiff alleges the following facts. On September 10, 2006, Vaughan was visiting Kelly Ross at her home on Palmerston Road in Shaker Heights. Ross and her friend, Serena Miller

("Miller") were drinking heavily and holding a séance. Miller's nine-year-old daughter, "M.M.," fell asleep and Miller asked Vaughan to put her to bed. Vaughan did so.

Later, Miller called the Shaker Heights Police Department because M.M. allegedly stated that Vaughan had touched her inappropriately when he put her to bed. Shaker Heights Police Officer Jody Srsen responded at approximately 6:50 a.m. on September 10, 2006, roughly two hours after the incident had allegedly occurred. Officer Srsen spoke with Miller, who reported that M.M. had told her that Vaughan had put his fingers in her underwear. Srsen took statements from Miller and M.M., took several photographs, and transported M.M. to University Hospital for an examination. The hospital examination showed no signs of trauma to M.M.

On September 11, 2006, Defendant Hyams was assigned to investigate the allegations against Vaughan. Social worker Terrie Stout was assigned by SCCS to interview and assess M.M. about the alleged acts committed by Vaughan. Prior to Ms. Stout's assessment of M.M., she spoke briefly with Defendant Hyams and offered to meet with him in order to investigate the allegations together. Defendant Hyams declined, stating that he did not want to "impede."

Ms. Stout met with M.M. on September 18, 2006. M.M. did not indicate to Stout that Vaughan had penetrated her anally or vaginally. Rather, M.M. described Vaughan as having touched her in a way that made her uncomfortable and scared. Ms. Stout left a voice mail for Defendant Hyams on September 18, 2006 and had a telephone conversation with him two days later. During these communications, Ms. Stout allegedly told Defendant Hyams that M.M. did not say that Vaughan had penetrated her. Defendant Hyams told Ms. Stout that he did not want anyone from her agency involved with interviewing Vaughan because he thought they would "impede." On September 20, 2006, Ms. Stout closed the file on M.M., noting that there was no

2

trauma evident. She mailed her dispositional letter to Defendant Hyams, but did not send it to the Cuyahoga County Prosecutor's Office or any other agency. Plaintiff alleges that Hyams did not disclose the information he learned from Ms. Stout about M.M. never reporting any penetration to any other person, including anyone at the Shaker Heights Police Department or Cuyahoga County Prosecutor's Office.

Vaughan was arrested by the Shaker Heights Police Officers on September 23, 2006 and charged with gross sexual imposition. Following a bind-over from Shaker Heights Municipal Court, on October 11, 2006, a Cuyahoga County Grand Jury indicted Vaughan for rape under Ohio Revised Code ("O.R.C.") § 2907.02(A)(1)(B). Defendant Hyams was the only witness who testified at the Grand Jury. He did not disclose that M.M. had allegedly told Ms. Stout during her assessment that Vaughan had only touched her outside her underwear. Plaintiff further alleges Hyams manufactured false evidence that Vaughan had penetrated M.M. and then disseminated the false and manufactured evidence in official public investigatory documents that he completed for Shaker Heights Police Department and for Cuyahoga County.

On March 24, 2008, Vaughan's bench trial began. Plaintiff alleges that, prior to and during Vaughan's criminal trial, Hyams knowingly and intentionally withheld and suppressed exculpatory evidence and information he learned from Ms. Stout that directly contradicted that Vaughan had raped M.M. On March 28, 2008, Vaughan was convicted of rape in violation of O.R.C. § 2907.02(A)(1)(B) with sexual predator specifications and was given a mandatory sentence of life without parole. He was immediately taken into custody and incarcerated.

Vaughan later obtained a new legal team, including Gerald Gold and Ian Friedman. The new team hired an investigator, Keith King, who interviewed Ms. Stout on May 10, 2008.

3

During this interview, King discovered "for the first time, the previously undisclosed relevant, material, exculpatory evidence that was provided to Defendant Hyams by Ms. Stout." (Doc. No. 72-1 at ¶ 77.) Vaughan's new counsel moved for a new trial based, in large part, on the information obtained from Ms. Stout during this interview. On March 17, 2009, the state trial court granted Vaughan a new trial based on the previously unheard testimony of Ms. Stout. At the conclusion of the second trial, the jury spent an hour deliberating before finding Vaughan not guilty of rape. He was thereafter released from custody.

Based on these factual allegations, the Second Amended Complaint (filed May 17, 2013) stated four claims for relief.[1] Claim One stated a claim under 42 U.S.C. § 1983 premised on Defendant Hyams' alleged failure to disclose exculpatory evidence, including "Hyams' knowledge that M.M.'s description of the alleged incident, related to Ms. Stout during her

---

[1] Plaintiff initially filed his Complaint on March 23, 2010. (Doc. No. 1.) On April 5, 2010, he filed a First Amended Complaint against Shaker Heights; Shaker Heights Police Officers Hyams and Corporal Jody Srsen ("Srsen"), in their individual and official capacities; William T. Mason ("Mason"), Cuyahoga County Prosecutor, in his individual and official capacity; the Cuyahoga County Commissioners ("the Commissioners"); and, John and Jane Does 1-10. (Doc. No. 3.) Defendants moved to dismiss all claims. (Doc. Nos. 16, 18, 19, 20.) On August 30, 2011, the undersigned issued a Report & Recommendation recommending that the Court (1) grant the motions to dismiss of Mason, the Commissioners, and Srsen as to all counts; (2) grant Defendant Hyams' motion with respect to Plaintiff's claims under 42 U.S.C. §§ 1985 and 1988 but deny it with respect to Plaintiff's § 1983 claim and state law claims for malicious prosecution and intentional infliction of emotional distress; and, (3) grant Defendant Shaker Heights' motion with respect to all claims except Plaintiff's indemnification claim. (Doc. No. 27.) This Report & Recommendation was adopted on November 28, 2011. (Doc. No. 33.) Defendants Shaker Heights and Hyams appealed. On February 12, 2013, the Sixth Circuit affirmed in part and reversed in part. Citing the recently decided Supreme Court case *Rehberg v. Paulk*, 132 S.Ct. 1497 (2013), the court found Defendant Hyams' motion to dismiss should have been granted to the extent Plaintiff's claims are premised upon his testimony during grand jury proceedings, which is protected by absolute immunity. *See Vaughn v. City of Shaker Heights*, 2013 WL 518443 at * 2 (6th Cir. Feb. 12, 2013). In all other respects, the district court's order was affirmed. *Id*. at * 2-3.

assessment, did [not] indicate that Vaughan had committed any act that constituted rape." (Doc. No. 49 at ¶¶ 76-86.) Count Two alleged a state law claim for malicious prosecution. Count Three alleged a state law claim for intentional infliction of emotional distress. Count Four alleged an indemnification claim against the Defendant City of Shaker Heights.

On December 19, 2013, Vaughan filed a Motion for Leave to File a Third Amended Complaint *Instanter*. (Doc. No. 72.) In his Motion, Vaughan indicated the Third Amended Complaint did not add any new claims but, rather, removed the malicious prosecution claim set forth in Count Two of the Second Amended Complaint. Defendants did not oppose Vaughan's Motion, and it was granted on January 8, 2014. Thus, there are currently three claims remaining: (1) a § 1983 claim for *Brady* violations arising out Defendant Hyams' alleged failure to disclose exculpatory evidence; (2) intentional infliction of emotional distress; and, (3) indemnification as against the Defendant City of Shaker Heights. (Doc. No. 72-1.)

## II. **The Instant Discovery Dispute**

On January 2, 2014, Vaughan filed a "Notice of a Discovery Dispute and Certification that Good Faith Efforts Could Not Resolve It." (Doc. No. 75.) Therein, Vaughan states that, on December 11, 2013, Defendants indicated their intent to depose thirteen individuals listed as potential witnesses in Vaughan's initial disclosures. Shortly thereafter, on December 19, 2013, Vaughan moved for leave to file the Third Amended Complaint to remove the malicious prosecution claim, as discussed above. Vaughan's counsel then contacted defense counsel and suggested that a number of the proposed deposition witnesses "do not possess information that is relevant to the claims in Plaintiff's proposed Third Amended Complaint." (Doc. No. 75 at 4.)

Specifically, Vaughan claimed Defendants' questioning at previous depositions appeared

5

to be geared toward the issue of probable cause and this issue was relevant only to the malicious prosecution claim. Since that claim would be removed if the Court granted leave to amend the Complaint, Vaughan reasoned that many of the depositions should be narrowed in scope or eliminated altogether in order to avoid "costly depositions inquiring into an irrelevant issue" that are "an unnecessary and costly drain on all parties' time and resources." (Doc. No. 75 at 5.) Defendant disagreed and subpoenaed the thirteen individuals for deposition in January 2014.

Presuming the Court would allow the filing of the Third Amended Complaint (which it subsequently did), Vaughan asserts in his Notice of Discovery Dispute that the following depositions should be either limited in scope or precluded entirely via the entry of a protective order:

| **Deponent(s)** | **Description** | **Proposed Limitations** |
| --- | --- | --- |
| Ian Friedman, Eric Nemecek, and John Pyle | Vaughan's defense team following his wrongful conviction | Testimony should be limited to cost of their services, the harm suffered by Plaintiff, and the failure of Det. Hyams to reveal exculpatory evidence |
| Keith King and Tom Pavlish | Investigators hired by Vaughan in connection with his second trial | Testimony should be limited to damages and "certain elements of" intentional infliction of emotional distress |

| Marla Warren | The mother of a child who was asleep in the apartment where the alleged incident between Vaughan and M.M. occurred | Court should grant a protective order precluding her deposition. She was not present for the incident, and has had no contact with either Vaughan or Hyams. Her deposition is unnecessary and the "cost and burden of it would outweigh any benefit." |
|---|---|---|
| Shaundra Bradley and Cindy Dolly | Bradley works for Cuyahoga County in an unspecified capacity. Dolly works for Summit County Division of Child Services and completed the intake paperwork regarding the incident at issue. | Court should grant a protective order precluding their depositions. Neither interacted with Vaughan or Hyams. Their depositions are unnecessary and the "cost and burden would outweigh any benefit." |
| Dr. Haddad Haitham, Nicole Bailey, and Gregory Morgan | Employed and present at UH when M.M. was admitted | Court should grant a protective order preluding their depositions. Neither interacted with Vaughan or Hyams. Their depositions are unnecessary and the "cost and burden would outweigh any benefit." |

Defendants argue that the depositions at issue may lead to the discovery of admissible evidence relating to Vaughan's § 1983 *Brady* claim. Specifically, Defendants maintain the following issues are relevant to defending against that claim: (1) whether Detective Hyams made a disclosure to the prosecution; (2) whether Vaughan had the essential facts needed to criminally defend himself; (3) whether Vaughan was prevented from obtaining the allegedly exculpatory information himself; and, (4) whether the allegedly withheld exculpatory evidence would have made any difference to the outcome; i.e, whether the integrity of the conviction was compromised. (Doc. No. 76 at 13.) Defendants argue that, because Vaughan is asserting

7

Defendant Hyams manufactured and fabricated evidence, "[t]he allegations, statements, facts, investigation and information available to Detective Hyams must be considered and evaluated in order to determine" the validity of this claim. (Doc. No. 76 at 13.)

Defendants also argue Hyams' state of mind is relevant to Vaughan's claim for punitive damages and, therefore, Defendants must be permitted to explore "what information Hyams possessed, his thought process, his reasoning and the bases for his actions." (Doc. No. 76 at 14.) They maintain the depositions noted above may lead to the discovery of admissible evidence regarding these issues as well. Finally, and in response to Vaughan's argument that the depositions would be unnecessary and costly, Defendants argue that "[t]he need for unimpeded discovery is especially important in this case, given the demand of $9.5 million dollars and the prayer for punitive damages." (Doc. No. 76 at 11.)

### III. Analysis

Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action. Fed R. Civ. P. 26(b)(1). This Rule explains that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Rule 26 is to be liberally construed to permit broad discovery. *See Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 492 (6th Cir.1998); *U.S. v. Leggett & Platt, Inc.*, 542 F.2d 655, 657 (6th Cir. 1976); *Kirk v. Shaw Environmental, Inc.*, 2010 WL 447264 at * 3 (N.D. Ohio Feb. 3, 2010).

That being said, Rule 26(b)(2)(C) provides that the Court must limit the extent of discovery if the discovery sought "is unreasonably cumulative or duplicative, or can be obtained

8

from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). Interpreting this Rule, the Sixth Circuit has noted that a trial court can, in its sound discretion, grant a motion for a protective order. *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219, 227 (6th Cir. 1996). In deciding whether to grant a protective order, a district court must balance the parties' competing interests and compare the hardships of granting or denying the request. *York v. Am. Med. Sys., Inc*., 1998 WL 863790, at *4 (6th Cir. Nov. 23, 1998). The movant bears the burden of demonstrating that the balancing of hardships weighs in his favor. *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) ("The burden of establishing good cause for a protective order rests with the movant"). *See also Kroger Co. v. Merrill*, 2009 WL 1707892 at * 2 (N.D. Ohio June 17, 2009).

The Court rejects Vaughan's argument that the depositions at issue should be limited in scope or precluded altogether. Although Vaughan is no longer asserting a malicious prosecution claim, the Third Amended Complaint does claim that Defendant Hyams manufactured or fabricated false evidence and, further, that he failed to disclose material exculpatory evidence to the prosecution. As such, the Court agrees with Defendants that any information that may have been available to Defendant Hyams may lead to the discovery of relevant information with respect to Vaughan's § 1983 *Brady* claim. While Vaughan claims that many of the deposition witnesses at issue did not have any direct contact with Hyams, it does not necessarily follow that the information they may have possessed was not made known to Hyams in some fashion. Thus,

9

and in light of the fact that Rule 26(b) is to be liberally construed, the Court finds that deposing the witnesses at issue may lead to the discovery of admissible evidence.

The Court also rejects Vaughan's request for a protective order with respect to certain witnesses on the grounds that such depositions would represent "an unnecessary and costly drain on all parties' time and resources." (Doc. No. 75 at 5.) Vaughan initiated the instant action; identified these witnesses in his initial disclosures as individuals who were likely to have discoverable information; and, (according to Defendants) is now seeking over $9 million in damages. (Doc. No. 76 at 11.) Given the significant amount of money at stake in this action, and the fact that the Court finds the depositions at issue may lead to the discovery of admissible evidence with respect to the § 1983 claim, the Court finds that Vaughan has failed to carry his burden of demonstrating that he is entitled to a protective order.

## IV.    Conclusion

For the reasons set forth above, Vaughan's request for an order limiting or precluding the depositions at issue in this matter is denied.

IT IS SO ORDERED.

/s/ Greg White
U.S. Magistrate Judge

Date: January 13, 2014